**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cheryl HOLLAND, Defendant—
Appellant.**

No. 03–30109.

D.C. No. CR–02–00149–1–RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 12, 2004.

Ron W. Skibbie, Spokane, WA, for Plaintiff–Appellee.

Christina L. Hunt, FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM\*

Cheryl Holland appeals the district court's sentencing decision to depart upwards by 16 points, from an adjusted offense level of 14 to a final offense level of 30, her primary objection being that the court may have been influenced by a Sentencing Guideline not yet in effect. We reject Holland's contention and affirm the district court's departure. As the parties are familiar with the facts of this case, we recite them only as necessary to explain our decision.

First, we reject Holland's assertion that Judge Whaley was affected by the yet-to-be-enacted 2003 version of Guideline 2D1.11. Judge Whaley explicitly disavowed any such influence:

> The guideline that most logically speaks to your conduct is the one suggested by the government, that I have not used, which would give you a base offense level of 30.... And if your offense had occurred when that guideline was in effect, you would have started at a 30; and I would have considered departing upward, because the amount of red phosphorus you had is orders of magnitude more than the level that would have gotten you a level of 30. So

I may well have departed well above that.

> ... The break you got was the guideline hadn't come out yet, and then I had to deal with all this.

> But I am going to depart to a 30. And if it had been a 30, I would have departed higher. But I think 30 is representative, and I base that on the amount of methamphetamine that can be used. I didn't find the estimates that said that just inordinate amounts of methamphetamine could be manufactured by using red phosphorus and the 90 pounds. I just could not use the guidelines for that purpose. But I find that it's responsible for significant amounts of methamphetamine.

The clear import of Judge Whaley's statement is that he arrived at an offense level of 30 not because of a proposed sentencing guideline, but for an independent reason: the red phosphorus that Holland pled guilty to possessing was "responsible for significant amounts of methamphetamine." We have no reason to disbelieve him.

We similarly decline to read Judge Whaley's departure decision as *relying* on U.S.S.G. § 2D1.11 (2002) for an analogy to hydriodic acid. The decision was "base[d] ... on" the "significant amounts of methamphetamine" that could be produced from 90 pounds of red phosphorus, a finding that was amply supported by the record, and required no reference to U.S.S.G. § 2D1.11 (2002). In fact, Judge Whaley's language explicitly rules out the possibility that he relied on U.S.S.G. § 2D1.11 (2002): "So what I'm saying is—if I've used the wrong guideline and I should have used 2D1.11, my sentence would be the same."

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The subsequent discussion of the similarity between a sentence based on the "significant amounts" of methamphetamine potentially at issue and a sentence based on an analogy to hydriodic acid was merely an after-the-fact observation and not a justification for the upward departure. The 16–point departure was simply an application of the "large-scale manufacture" application note to U.S.S.G. § 2D1.12 (2002).

Consequently, *United States v. Alfaro*, 336 F.3d 876 (9th Cir.2003), is not implicated here. The district court in *Alfaro* "used as a guide" § 2D1.11 while applying § 2D1.12. 336 F.3d at 879. Judge Whaley did not.

**AFFIRMED.**